IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAPREACE E. SMITH, next of kin )
of BYRON L. SMITH, deceased )
                                              )
v.                                            ) NO. 3:08-0465
                                              ) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT )
OF NASHVILLE/DAVIDSON )
COUNTY, et al.                         )

MEMORANDUM

Pending before the Court is a Motion for Summary Judgment filed by Defendants Hines and Collen (Docket No. 34) as to Plaintiff's constitutional claims against them.[1] For the reasons stated in the accompanying Memorandum, the Motion is DENIED.

FACTS

Plaintiff, as next of kin of Byron L. Smith, deceased, has sued Defendants Hines and Collen, pursuant to 42 U.S.C. § 1983, for allegedly violating Mr. Smith's civil rights. This action arises from the suicide of Byron L. Smith while he was in the custody of the Davidson County Sheriff's Department on May 22, 2007. Plaintiff's claim against Defendants Hines and Collen is that these Defendants violated Mr. Smith's constitutional right to be free from deliberate indifference to his medical needs.

---

[1] The Motion for Summary Judgment filed by Defendant Correct Care Solutions, LLC (Docket No. 37), the Motion for Summary Judgment filed by Defendant Metropolitan Government of Nashville/Davidson County, Tennessee (Docket No. 43), and the Motion for Summary Judgment as to Plaintiff's state law claims against Defendants Hines and Collen were unopposed and have been granted.

Correct Care Solutions ("CCS") was, at all times relevant to this action, responsible for providing medical care to inmates in the custody of the Davidson County Sheriff's Office ("DCSO"). CCS subcontracted the mental health services portion of this responsibility to a company called Mental Health Cooperative, Inc. ("MHC"). Defendant Hines was a mental health counselor employed by MHC, and Defendant Collen was a psychiatrist employed by MHC.

Plaintiff alleges and has presented medical records to show that Defendants were aware that Mr. Smith had a history of mental illness shortly after being incarcerated, that he had requested medication for psychological problems as early as July 18, 2006, and that he had stopped being treated because he had no insurance. *See* Docket No. 51, to which Defendants Hines and Collen have filed no response,[2] ¶¶ 1-3. Plaintiff contends that Defendants were aware that Mr. Smith exhibited all of the indicators of a person who was going to commit suicide. *Id*., ¶ 7.

Plaintiff asserts that Defendants chose to ignore the previous symptoms of psychosis that Mr. Smith had been having and provided him treatment which was so inadequate as to be no treatment at all. *Id*., ¶ 9. Plaintiff also contends that Defendants were aware that Mr. Smith had been previously diagnosed as a paranoid schizophrenic and were aware that shortly before his death, he again exhibited symptoms of paranoid schizophrenia. *Id*., ¶¶ 11-12. Moreover, Plaintiff claims that Defendants knew Mr. Smith had begged for help just prior to committing suicide. *Id*.[3]

---

[2] As Defendants themselves noted, the failure to file a response indicates that Defendants do not dispute those facts. Local Rule 56.01(g).

[3] For purposes of this Motion, the Court is not relying upon the testimony of Dr. Weitz, whom Defendants challenge.

2

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id*.

## DELIBERATE INDIFFERENCE

Under the Eighth Amendment, prison inmates have a right to a certain level of medical care, and "deliberate indifference to the serious medical needs" of a prisoner violates this constitutional right by subjecting them to cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The *Estelle* standard encompasses two components: objectively, the medical needs must be sufficiently serious, and subjectively, the state actors involved must have acted in a deliberately indifferent manner. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). With respect to the subjective component of an Eighth Amendment claim, a plaintiff must show that a defendant acted with a sufficiently culpable state of mind when committing the acts alleged to have deprived the plaintiff of medical care. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

As indicated above, Plaintiff has alleged that Defendants were aware of Mr. Smith's serious medical/psychiatric needs and failed to act. Plaintiffs also contend that Defendants' failure to act proximately caused Mr. Smith's death. What Defendants knew and when they knew it are genuine issues of material fact, particularly in light of Defendants' failure to respond to Plaintiff's Statement of Material Facts Which Are in Dispute. Further, whether Defendants' actions or failures to act were a proximate cause of Mr. Smith's suicide is also a genuine issue of material fact. Therefore, summary judgment as to these two Defendants is inappropriate.

CONCLUSION

For these reasons, the Motion for Summary Judgment of Defendants Hines and Collen, as to Plaintiff's constitutional claims, is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4